## THE STATE, JOSEPH W. SAVAGE, PROSECUTOR, v. JOSEPH JONES, COLLECTOR.

Under the act of 1869, p. 1225, (the five-county act), all lands to which it applies are to be taxed in the township wherein they lie. This repeals, by necessary implication, the provision in the general law of 1866, (*Nix. Dig.* 951, *pl.* 88,) that an occupied farm or lot lying partly in one township and partly in another, shall be assessed in the township where the occupant resides.

On *certiorari.* In matter of taxation.

Argued at November Term, 1876, before Justice VAN SYCKEL.

For the plaintiff, *Thomas H. Shafer.*

For the defendants, *James R. English.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor owns and occupies a farm lying partly in Rahway and partly in the township of Linden, in the county of Union; the buildings in which he resides are on that part of the farm lying in Rahway. In 1875, he was assessed in Linden township for that portion of the farm situated therein. The only question in the case is, whether the assessment was properly made in Linden, or whether the entire farm should have been assessed in the city of Rahway, where the occupant resided at that time.

By the laws of 1869, p. 1225, it is enacted that all taxes to be assessed in the county of Union, for state, county, township and city purposes, over and above the amount to be raised by poll tax, shall be assessed and raised by such a per centum upon all real estate, chattels and personal property taxable by law, except mortgages, as shall be necessary to raise the amount required; and that all real and personal estate shall

State, Savage, pros., v. Jones.

be assessed in the townships, wards and cities where found, without any deductions for mortgages therefrom. By the tax law of 1866, (*Nix. Dig.* 951, *pl.* 88,) when the line between two townships or wards divides a farm or a lot, owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides.

In *State, Golding, pros.,* v. *Collector of Chambersburg,* 8 *Vroom* 258, it was held that the act of 1866 was, by necessary implication, repealed by the act of 1869, so far as the later statute was clearly inconsistent with the former, and that in consequence thereof, personal property of the relators, found in the city of Trenton, was taxable there, and not at the residence of the owner in Chambersburg.

Accepting this as the proper interpretation of these enactments, this case will be solved by determining whether the scheme adopted by the act of 1869, for the assessment of real estate, is essentially different from that provided by the general law.

By the general law of 1866, (*Nix. Dig.* 951, *pl.* 88,) all lands are to be assessed in the township or ward in which they are situate, and every person shall be assessed in the township or ward where he resides, for all lands owned or possessed by him within said township or ward, either occupied or unoccupied ; and when the line between two townships or wards divides a farm or lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides, and if unoccupied, each part shall be assessed to the owner thereof in the township or ward in which the same may be. The only instance, under the law of 1866, in which lands are not taxable in the township in which they lie, is, where an occupied tract is situate partly in one township and partly in another, in which case, it is to be assessed where the occupant resides. It will not be doubted that in the absence of this express provision in the statute, each portion of the land would yield its revenue to the township in which it is located ; to defeat that result, the exception was necessary. The draftsman of the

act of 1869, had this statute before him, and when he provided that all real and personal estate shall be taxed in the townships, wards and cities where found, without any reservation, it must be presumed that the omission to make the exception contained in the law of 1866, was intentional, and that its purpose was to effect a change in the rule as to the five counties within which this special law was to operate. Under the general law, all real estate was taxed in the township where it was situated, except in the one specified case, and if it is held that the failure to express this exception in the act of 1869, is not an exclusion of it, the latter act is construed as if it contained the exception, and the declared intention of the law-maker, that all lands shall be assessed in the township where they lie, is to that extent defeated.    That the legislature did intend to change the rule with regard to personal property, has been adjudged in the case before cited ; and accepting that as the proper interpretation of the act, the same rule must be applied to real estate, unless the same clause in the act is construed one way as to personal and another way as to real property.

The suggestion that difficulty may arise in apportioning mortgages between townships, will not justify a construction which would do violence to the language of the statute.    The apprehension, however, is not well founded.    Under the general law, where unoccupied land lies partly in one township and partly in another, the same question is presented with respect to a mortgage covering the entire tract; so, also, where two separate tracts lying in different townships are included in a mortgage.

In all these instances the supposed difficulty is overcome by the well-settled rule that the deduction of the entire mortgage debt must be applied for in the township where the person claiming it resides, and cannot be allowed in any other township.    *State, Force, pros.,* v. *Williamson,* 4 *Vroom* 77 ; *State, Perkins, pros.,* v. *Bishop,* 5 *Vroom* 45.

The five-county act declares that within the territory to which it is applicable, all lands shall be taxed in the township

where they are located, and, therefore, an adjudication that some real estate shall not be so assessed would contravene this law.

In my opinion, the assessment should be affirmed, with costs.